Sucesores de Abarca, S. en C., demandante, *v.* Central
Vannina, demandada; y United States Life Insurance
Co. y London Assurance, peticionarias y apelantes.

No. 5405.—*Sometido:* Abril 9, 1931. *Resuelto:* Julio 28, 1931.

*F. Soto Gras* y *R. Díaz Collazo,* abogados de las peticionarias ape-
lantes; *J. Sifre Jr.* y *H. Franceschi,* abogados del síndico; *Da-
mián Monserrat, Jr.,* abogado de la demandada.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

Las compañías de seguros United Life Insurance Co. y
London Assurance expidieron en diciembre de 1927 y entre-
garon a la Central Vannina dos pólizas de seguro cada una
de ellas, una contra incendio y otra contra terremoto, cuyas
primas ascendieron en total a $2,101.84, y en 5 de febrero de
1930 ambas compañías presentaron moción a la Corte de Dis-
trito de San Juan en los procedimientos de administración
judicial de la Central Vannina promovidos por Sucesores de
Abarca, S. en C., para que la corte autorizara al síndico de
la central a pagar el importe de tales primas. Se opuso el
síndico de la central don Rafael Martínez Domínguez ale-
gando que dichas primas han sido pagadas, y en vista de

las pruebas que fueron presentadas la corte negó las peticiones de las compañías, las que apelaron esa resolución.

El único motivo alegado para esa apelación es que la corte inferior cometió error al dictar la resolución apelada.

De la prueba aparece que un empleado de la casa Sobrinos de Izquierdo y Cía., agente en esta Isla de las dos compañías apelantes, fué el 8 de junio de 1928 donde el síndico de la Vannina a cobrarle los $2,101.84 importe de esas primas; que el síndico dijo al Sr. Hastrup que las pagase; y que Hastrup, después de deducir $255.08 por su comisión de corretaje de 12½ por ciento sobre las primas netas, o sea, sin contar los sellos de rentas, entregó el resto de $1,846.76 a dicho cobrador como pago de esas primas en un cheque, que fué entregado por dicho cobrador al Sr. Trigo, presidente de la casa Sobrinos de Izquierdo y Cía., diciéndole que había sido cobrado el 12½ por ciento de comisión y que había aceptado el cheque sujeto a confirmación de la casa. El expresado cheque fué cobrado por Sobrinos de Izquierdo.

En el juicio se probó también que el Sr. Hastrup es corredor de pólizas de seguro, que intervino como tal en las pólizas en cuestión y que los corredores cobran en esta Isla como comisión un 12½ por ciento del valor neto de las primas.

El apelante dice en su alegato que los premios tenían que ser pagados directamente al agente por el síndico "abonando entonces el agente al *broker* Sr. Hastrup el 10 por ciento del valor neto de las pólizas como comisión de corretaje." De modo que las compañías apelantes reconocen que su agente tenía que abonar al corredor Hastrup el 10 por ciento de las primas netas como comisión por su corretaje, sin que exista prueba en los autos de que el 10 por ciento y no el 12½ es lo que en tales casos se paga en esta Isla. El síndico de la Vannina negó en su declaración que hubiera aceptado entenderse directamente con Sobrinos de Izquierdo

y dijo que las pólizas no se hubieran hecho sin la intervención del Sr. Hastrup.

Habiendo reconocido las compañías apelantes que su agente tenía que abonar al Sr. Hastrup su comisión de corretaje, el hecho de que la misma fuera deducida de la cantidad debida y que sólo se entregara la diferencia, no significa que la Central Vannina no haya pagado completamente su deuda por las primas de las pólizas y por tanto no ha sido infringido el artículo 1125 del Código Civil.

■ Probado, como lo ha sido, que lo verdaderamente debido a las compañías fué pagado, no es de importancia que no haya sido entregado a la apelada o al Sr. Hastrup el recibo que esas compañías envían al agente para el cobro de las primas de las pólizas.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Wolf no intervino.